IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| BESSIE COOPER-HARRIS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs | ) | Case No.: 3:10-cv-964-MHT |
| | ) | |
| AFNI, INC., | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Bessie Cooper-Harris, by and through undersigned counsel, for her Complaint against Defendant AFNI, Inc. states as follows:

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") by this Defendant in its illegal efforts to collect a consumer debt.

3. Venue is proper in this District because the acts and transactions occurred here and Defendant transacts business here.

1

## PARTIES

4.  Plaintiff Bessie Cooper-Harris ("Bessie") is a natural person who resides in the City of Tuskeegee, County of Macon, State of Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.  Defendant AFNI, Inc. ("AFNI") is a foreign corporation that engages in the business of debt collection and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) conducting regular, systematic business in this Judicial District.

## FACTUAL ALLEGATIONS

6.  Plaintiff Bessie is and for all relevant times herein has been a resident of Macon County.

7.  In 2004 Bessie contracted with Verizon Wireless for cellular phone service. Verizon was unable to provide coverage in her area and the parties mutually terminated their agreement due to Verizon's inability to provide services as agreed. No payments were due to Verizon at the time the contract was terminated.

8.  Subsequent to this termination, Bessie was contacted by third party debt collectors claiming a balance due Verizon Wireless for cellular service. Bessie consistently denied owing Verizon Wireless and requested verification of the claims shortly after which point she would be left alone until a new debt collector would contact her.

9.  On July 30, 2009, AFNI mailed a letter to Bessie, Exhibit "A," asserting a balance of $428.40 owed to Verizon Wireless in an attempt to collect this alleged consumer debt. This letter stated:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving

2

this notice that you dispute the validity of the debt or any portion there of [sic], this office will:[sic] obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

10. On August 7, 2009, Counsel for Bessie replied to AFNI with a letter, Exhibit "B," stating that Bessie was represented in this matter by the Anderson Law Firm; that this claim was disputed in its entirety; and that verification of the claim was requested. Counsel further requested all future communications concerning this claim be directed to the Anderson Law Firm.

11. To date, AFNI has never provided verification of this claim.

12. On November 11, 2009, AFNI mailed a second letter to Bessie, Exhibit "C," demanding payment on the alleged account for which verification had been requested and concerning which AFNI had been advised Bessie was represented by counsel.

13. AFNI has continued to report this claimed account as Bessie's bad debt without having provided the requested verification of same.

14. Bessie does not owe this disputed claim.

## CAUSE OF ACTION

### COUNT I

### NEGLIGENCE AND NEGLIGENT SUPERVISION

15. Plaintiff adopts and realleges the preceding paragraphs as if set forth fully herein.

16. AFNI was negligent in its investigation and collection efforts concerning this alleged account of the Plaintiff. As a direct and proximate result, Bessie was damaged as set forth below. To

the extent that AFNI's conduct was intentional, reckless, wanton or part of a pattern and practice of deceiving consumers, Plaintiff seeks punitive damages.

17. AFNI was negligent in performing quality control on the accounts it originated, processed, collected or purchased. As a direct and proximate result, Bessie was damaged as set forth below. To the extent that AFNI's conduct was intentional, reckless, wanton or part of a pattern and practice of deceiving consumers, Plaintiff seeks punitive damages.

18. AFNI negligently or recklessly misrepresented and/or concealed the terms of the account they sought to make Bessie pay for. As a direct and proximate result, Bessie was damaged as set forth below. To the extent that AFNI's conduct was intentional, reckless, wanton or part of a pattern and practice of deceiving consumers, Plaintiff seeks punitive damages.

19. AFNI negligently selected, trained, managed, supervised and/or instructed its employees for the collection efforts made on this account. As a direct and proximate result, Bessie was damaged as set forth below. To the extent that AFNI's conduct was intentional, reckless, wanton or part of a pattern and practice of deceiving consumers, Plaintiff seeks punitive damages.

20. AFNI failed to create, implement, communicate and/or enforce reasonable rules and procedures that would prevent illegal, invalid or paid off consumer accounts, including the one asserted against Bessie, from being pursued through its debt collection activities. AFNI further failed to properly monitor, review and/or verify the account asserted against Bessie. As a direct and proximate result, Bessie was damaged as set forth below. To the extent that AFNI's conduct was intentional, reckless, wanton or part of a pattern and practice of deceiving consumers, Plaintiff seeks punitive damages.

21. AFNI's acts of negligence were outrageous and committed under circumstances of insult and abuse.

22.     AFNI breached legal, contractual and/or assumed duties of care to Bessie and as a result she was injured as set forth below.  As a direct and proximate result, Bessie was damaged as set forth below.  To the extent that AFNI's conduct was intentional, reckless, wanton or part of a pattern and practice of deceiving consumers, Plaintiff seeks punitive damages.

## COUNT II

## FRAUD

23.     Plaintiff adopts and realleges the preceding paragraphs as if set forth fully herein.

24.     AFNI fraudulently, recklessly, intentionally or through mistake concealed, suppressed or misrepresented to Bessie the terms of the alleged account including but not limited to those set out herein and in the attached Exhibits and their claims of her liability, their ability to enforce this claim legally and those misrepresentations as to honoring her rights as a consumer.

25.     AFNI engaged in a pattern and practice of misinforming consumers, including Bessie, about the terms of their accounts and their practices.  This practice is forced upon unwary consumers with inaccurate and false collections notices and promises of suspension or termination of collections activities when accounts are not validated.

26.     Although AFNI promised Bessie that they would obtain verification of the account if so requested as a predicate to further collections activity, they had no intention of doing so and thus engaged in fraud to deceive Bessie.

27.     AFNI furthered their fraud by continuing collections on this false claim.

28.     Bessie reasonably relied upon the misrepresentations of AFNI as set forth herein, as AFNI had intended, as was damaged as a consequence as set forth below.

## COUNT III

## NEGLIGENCE PER SE

29.     Plaintiff adopts and realleges the preceding paragraphs as if set forth fully herein.

30.     AFNI, Inc. violated numerous provisions of 15 U.S.C. 1692, et seq., The Fair Debt Collections Practices Act ("FDCPA"), as set out below. This Act is intended for the protection of a class of which Bessie is a member. These acts of AFNI caused injury and loss to Bessie and her consequent claim for damages is within the scope of what the Act was intended to address and amount to negligence per se. These acts of AFNI were furthermore done under circumstances of insult and abuse.

## COUNT IV

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

31.     Plaintiff adopts and realleges the preceding paragraphs as if set forth fully herein.

32.     AFNI violated or failed to comply with 15 U.S.C. 1692, et seq., the Fair Debt Collection Practices Act, repeatedly which violations include without limitation, violations of:

    a.     15 U.S.C. 1692e by falsely representing the amount and character of the debt it was attempting to collect;

    b.     15 U.S.C. 1692f by attempting to collect an amount without such amount being expressly authorized by the agreement creating the debt or being permitted by law.

    c.     15 U.S.C. 1692g by failing to provide adequate validation of the debt upon Bessie's request and by continuing collections activities without providing the timely requested validation if the claimed debt.

    d.     15 U.S.C. 1692b by communicating directly with Bessie after being informed she

was represented by legal counsel.

## COUNT V

## SLANDER OF CREDIT

33.     Plaintiff adopts and realleges the preceding paragraphs as if set forth fully herein.

34.     AFNI intentionally, recklessly, wantonly or negligently defamed Bessie's credit standing by attempting to collect a debt that was not owed and by their reporting this claimed debt as late and unpaid when in fact it was neither. As a direct and proximate result, Bessie's credit score was lowered and she suffered and will continue to suffer other damages as set forth herein.

## COUNT VI

## INVASION OF PRIVACY

35.     Plaintiff adopts and realleges the preceding paragraphs as if set forth fully herein.

36.     AFNI wrongfully invaded Bessie's privacy and solitude by attempting to collect a debt that was not owed and reporting that ersatz debt to national credit reporting agencies. As a direct and proximate result, Bessie's credit score was lowered and she suffered and will continue to suffer other damages as set forth herein.

## COUNT VII

## CONSPIRACY

37.     Plaintiff adopts and realleges the preceding paragraphs as if set forth fully herein.

38.     AFNI, its predecessor debt collectors and Verizon Wireless were present, complicit, and

mutually aiding and abetting each other in the conduct of unlawful, oppressive and predatory business activities in which, each and together, they conspired to defraud and cheat the Plaintiff. As a direct and proximate result, Bessie has been injured as set forth below.

## DAMAGES

39. Plaintiff adopts and realleges the preceding paragraphs as if set forth fully herein.

40. AFNI's wrongful conduct as set forth herein proximately caused Bessie to be damaged in the form of:

    a. Substantial economic loss and expense;

    b. Physical and emotional distress, illness and anguish;

    c. Defamation of her credit standing;

    d. Humiliation and embarrassment; and

    e. The undertaking of attorney fees and costs of litigation to enforce her legal rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Bessie Cooper-Harris demands judgment against AFNI as follows:

A. Compensatory and actual damages in an amount to be determined by a jury;

B. Punitive damages in an amount to be awarded by a jury under each claim for which punitive damages are recoverable;

C. Actual damages under her FDCPA claims as may be determined by a jury including but not limited to damages for mental anguish, emotional distress, slander of credit, humiliation, embarrassment, and trebled damages where permitted;

    D.      Maximum statutory damages including treble damages where permitted under her FDCPA claims; and

    E.      Reasonable attorney fees and costs.

Respectfully submitted,

Dated: November 10, 2010

**THE ANDERSON LAW FIRM, LLC**

*/s/ John W. Charles*

John W. Charles
**Attorney for Plaintiff**
The Anderson Law Firm, LLC
7515 Halcyon Pointe Dr.
Montgomery, AL 36117
Telephone: 334/272/9880
Fax: 334/272-2551
email: jcharles@theandersonlawfirm.com

Please serve the Defendant by certified mail at the following address:

AFNI, Inc.
c/o The Corporation Company
2000 Interstate Park Drive
Montgomery, AL 36109